COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

June 27, 2016

John A. Sergovic, Esquire
Sergovic Carmean Weidman McCartney & Owens, P.A.
142 East Market Street
P.O. Box 751
Georgetown, DE 19947

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, LLC
Georgetown Professional Park
20175 Office Circle
P.O. Box 568
Georgetown, DE 19947

RE:   O'Marrow v. Roles
      C.A. No. 6808-MA

Dear Counsel:

This letter is in response to the April 4, 2016 Order of Vice-Chancellor Tamika Montgomery-Reeves, which directed the issue of shifting reasonable attorney's fees to be presented to and resolved by the Master in the first instance. By way of background, in my Draft Report dated March 31, 2015, I failed to address the post-trial request of Defendant Dean P. Roles, Jr. for reimbursement of his reasonable attorney's fees under the provisions of 10 *Del. C.* § 348.  Defendant

took exception to this omission and asked me to modify my Draft Report to award him reasonable attorney's fees as the successful party in this action based upon Paragraph 24 of the restrictive covenants contained in Plaintiff's deed and Defendant's chain of title. After I failed to address this issue in my Final Report dated September 30, 2015, Defendant took exception to my Final Report on the same ground. In truth, I cannot explain how I overlooked this issue a second time, and I regret any inconvenience that I may have caused the Court and the parties.

I have reviewed the parties' briefs in support of and opposition to Defendant's exception to my Final Report, which previously had been presented to the Vice-Chancellor. In his exception to my Final Report, Defendant argued that he was entitled to reasonable attorney's fees as the successful party under Paragraph 24 of the restrictive covenants. Plaintiff Garnet O'Marrow opposed the proposed shifting of attorney's fees, arguing that it would be unfair to him since Defendant never relied on the restrictive covenant in his pleadings or in the parties' pretrial stipulation. Plaintiff argued that he had been denied notice that Defendant would seek to shift fees in this manner and, therefore, Defendant had waived his right to make this argument.

In response, Defendant argued that he already had given clear notice to Plaintiff that he would be seeking reasonable attorney's fees under 10 *Del. C.* § 348 or equitable relief. Defendant argued that it would be within the Court's

discretion and equitable to allow an award of fees to the successful party under Paragraph 24 of the reciprocal covenants because the Court had concluded that both parties were bound by Paragraph 19 of these covenants.

In 2011, Plaintiff filed a complaint in this Court seeking to enjoin Defendant's expansion of his equestrian training and boarding business as a violation of the restrictive covenants of Heritage Farms.[1] From the start, Defendant's primary argument against Defendant's complaint was that his property was not subject to any deed restrictions.[2] According to Defendant, Heritage Farms was not a legally created subdivision and lacked uniform restrictive covenants in the deeds of the six properties that made up the neighborhood known as Heritage Farms. In the alternative, Defendant argued that any deed restrictions that applied to his property had been waived or were unenforceable. Initially, Defendant even denied that 10 *Del. C.* § 348 applied to this case, although at the same time he did seek costs and reasonable attorney's fees, which may be awarded to prevailing parties under this statute.[3]

---

[1] Verified Complaint Pursuant to 10 Del.C. §348, Docket Item ("DI")1.
[2] Answer to Complaint, DI 4.
[3] Answer to Amended Complaint, ¶ 47 & prayer for relief, DI 16. 10 *Del. C.* §348(e) provides: "The nonprevailing party at a trial held pursuant to the provisions of this section must pay the prevailing party's attorney fees and court costs, unless the court finds that enforcing this subsection would result in an unfair, unreasonable, or harsh outcome."

In my Draft Report, I rejected Defendant's argument that his property was not bound by the deed restrictions, finding that the restrictions recited in Plaintiff's deed and Defendant's chain of title were reciprocal in nature and bound both properties. However, I also concluded that Paragraph 19 of the deed restrictions was too vague and ambiguous to be enforceable by Plaintiff. Perhaps in light of this outcome, Defendant then chose to rely exclusively on Paragraph 24 of the restrictive covenants as the basis for shifting attorney's fees in this case. Defendant's new posture has left Plaintiff crying foul.

I do not find Defendant's request so surprising or unfair to Plaintiff as to create a waiver. From the start of this litigation, each party was aware that the other would seek to shift attorney's fees if he prevailed. Plaintiff relied on Section 348 and Paragraph 24 of the deed restrictions when requesting this relief in both his original and amended pleadings while Defendant initially relied on Section 348 and equity in his pleadings. Now Defendant is relying on Paragraph 24 of the deed restrictions. Both Section 348 and Paragraph 24 are exceptions to the so-called American Rule where each party is responsible for its own legal fees.[4] Section 348 governs fee shifting in cases involving residential subdivisions in Delaware where individual properties are reciprocally bound by restrictive covenants in recorded

---

[4] *The Cove on Herring Creek Homeowners' Ass'n, Inc. v. Riggs*, 2005 WL 1252399, at *1 (Del. Ch. May 19, 2005).

deeds. Likewise, Paragraph 24 governs fee shifting in cases where the properties in Heritage Farms are reciprocally bound by restrictive covenants in their deeds.

Nevertheless, the fee shifting requested by Defendant is not available to him because as I read the plain language of Paragraph 24, it does not allow just any prevailing party to shift reasonable attorney's fees to the non-prevailing party. Paragraph 24 applies only to a *plaintiff* who succeeds in preventing violations of the deed restrictions governing Heritage Farms.[5] Paragraph 24 states:

> Any parcel owners to whose benefit these Restrictions insure [sic] may proceed at law or in equity to prevent the occurrence, continuation, or violation of any of these Restrictions and the Court in any such action may award the successful party reasonable attorney's fee. The remedies specified herein are cumulative and a specification of them shall not be taken to preclude any aggrieved party from resorting to any other remedy at law or in equity of [sic] under any other statute. No delay or failure on the part of the aggrieved party to invoke an available remedy in respect to a violation of any of these Restrictions shall be held to be a waiver of that party or an estoppel of that party to assert any right available to him upon the reoccurrence of [sic] the continuation of such violation or the occurrence of a different violation.[6]

In this case, it was Plaintiff who, as a parcel owner in Heritage Farms, sought to stop the construction of a barn that he believed was being erected in violation of Paragraph 19 of the deed restrictions. Plaintiff did not succeed on the merits because I found the deed restriction on which he relied to be unenforceable. To

---

[5] *See Benner v. Council of the Narrows Ass'n of Owners*, 2014 WL 7269740, at *12 (Del. Ch. Dec. 22, 2014) (Master's Final Report), adopted as a decision of the Court in 2015 WL 1206724 (Del. Ch. Mar. 16, 2015) (Trial Order).

shift Defendant's reasonable attorney's fees onto Plaintiff in this case would be contrary to Paragraph 24 because Defendant was not a parcel owner seeking to prevent "the occurrence, continuation, or violation of any of these Restrictions."[7]

For the reasons stated above, I recommend that the Court deny Defendant's request for an award of reasonable attorney's fees under Paragraph 24 of the deed restrictions binding the parties' properties. In order not to prolong this matter any further, I am waiving a draft report and issuing this recommendation as my final report. The parties are referred to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[6] JX 11.

[7] *Id. Compare Jackson's Ridge Homeowners Ass'n v. May*, 2007 WL 4179310 at *7 & n. 42 (Del. Ch. Nov. 20, 2007) ("In the event that a legal proceeding is commenced for the abatement of such violation or for damages resulting from such violation, the owner of each lot that is the site of the violation shall be jointly and severally liable for the costs of such action, including attorney's fees …"); *The Cove on Herring Creek Homeowners' Ass'n, Inc.*, 2005 WL 1252399, at *1 ("Enforcement of covenants … contained herein shall be by a proceeding at law or in equity against any persons … violating or attempting to violate same and/or against the property subject hereto to enforce any lien created by this Declaration …. The cost of any such litigation shall be borne by the Owner in violation, provided that such proceeding results in a finding that such Owner was in violation of the covenants ….")